■ The People of the State of New York, Respondent, v Jonathan Odom, Appellant. [663 NYS2d 561] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered December 9, 1992, convicting defendant, after a jury trial, of three counts of attempted murder in the second degree and three counts of tampering with a witness in the third degree, and sentencing him, as a second violent felony offender, to three concurrent terms of 12½ to 25 years, consecutive to three consecutive terms of 2 to 4 years, and imposing fines totaling $30,000 ($5,000 for each count), unanimously modi-

fied, on the law and in the interest of justice, to the extent of vacating defendant's conviction on the third count of tampering with a witness and dismissing that count, and reducing the total fines to $15,000, and otherwise affirmed.

The indictment originally charged the defendant with four counts of witness tampering, based on four threatening phone calls that warned the victim and her mother not to testify. It is not disputed that the defendant called the victim at 8:30 A.M. on September 4, 1991, and called her mother at 11:00 A.M. on September 4 and again at 8:00 A.M. on September 9. The victim also received a similar call from an unidentified man at 5:00 P.M. on September 4.

At a pre-charge conference, the trial court decided not to submit to the jury the tampering count based on the unidentified man's call, correctly finding that there was insufficient evidence that the defendant was responsible for this call. However, when the court charged the jury, it mistakenly said that the third witness tampering count being submitted was based on the phone call at 5:00 P.M. on September 4. The court actually meant it to be based on the September 9 call.

Since the jury convicted the defendant on a count that the court had effectively dismissed as insufficient, we vacate the defendant's conviction on this count and dismiss the count. Although the defendant failed to preserve this issue for review, we exercise our discretion and review it in the interest of justice.

We conclude on the basis of the existing record that defendant received effective assistance of counsel (*People v Baldi*, 54 NY2d 137). The challenged portions of the prosecutor's summation remarks do not warrant reversal (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

As the People correctly concede, two of the three $5,000 fines imposed for the attempted murder counts must be vacated, since, under Penal Law § 80.15, a fine may be imposed only once for offenses arising out of a "single act". There was no statutory basis to impose an additional fine for each inhabitant of the apartment where the defendant set the fire. The $5,000 fine imposed for one of the witness tampering counts must also be vacated because we are reversing defendant's conviction of that count, for the reasons discussed above.

We have considered the remaining arguments raised in defendant's supplemental *pro se* brief and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Wallach, JJ. [As resettled by unpublished order entered May 14, 1998.]